STEPHEN HAVRILLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Havrilla v. Commissioner
Docket No. 4901-92
United States Tax Court
T.C. Memo 1992-393; 1992 Tax Ct. Memo LEXIS 415; 64 T.C.M. (CCH) 152; T.C.M. (RIA) 92393; July 15, 1992, Filed *415 An appropriate order and decision will be entered for respondent. For Stephen Havrilla, pro se. For Respondent: Mark A. Weiner. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss For Failure to State a Claim, which includes a prayer for a penalty under section 6673. [1] This case was assigned pursuant to section 7443A(b) and Rules 180, 181, and 182 by order of the Chief Judge. In a notice of deficiency, respondent determined a deficiency in income tax and additions to tax due from petitioner as follows: Taxable
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6654(a)
1988
$ 3,819
$ 954.75
$ 190.95
$ 243.72
The adjustments giving rise to the above deficiency and additions to tax are based upon the failure of petitioner *416 to file a tax return for 1988 and report various items of income. Petitioner, a California resident, alleged in the petition that he is "a natural born Citizen of one of the several Sovereign Republican states of the Continental States United" and that he is "a State Citizen and resident by birthright (as opposed to a United States citizen or resident), and is exempt or immune from all direct taxes not applied by the rule of apportionment, and all indirect taxes not applied by the rule of uniformity." Having so alleged, he further alleges that he did not reside within a foreign country nor within any territory of the United States and thus, "was not engaged in any activity upon which Congress has levied a tax". Petitioner makes further allegations in the petition, which are common in tax protester petitions, regarding the method by which he was selected for audit, as well as the audit techniques utilized by respondent. Upon the filing of respondent's motion, the Court noted that it reviewed the petition and agreed with respondent that the allegations therein are tax protester allegations which have been repeatedly rejected by this and other courts. The Court further noted that *417 petitioner had filed a similar petition for a prior year, which had been dismissed for failure to state a claim, and a penalty under section 6673 was imposed therein. See Havrilla v. Commissioner, T.C. Memo. 1991-497, on appeal (9th Cir., December 27, 1991). However, petitioner was permitted to file an objection to respondent's motion or, alternatively, an amended petition to correct defects in the petition. Petitioner has done neither. In this case, petitioner asks the Court to consider once again identical frivolous issues decided against him less than 1 year ago. Our response is the same. The issues raised by petitioner are without merit and frivolous, and respondent's motion will be granted. Moreover, we believe that petitioner's only purpose in raising these frivolous issues is for the purpose of delay. Accordingly, we will require petitioner to pay a penalty of $ 5,000 to the United States under section 6673(a)(1). An appropriate order and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩